UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY V. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-2724 (UNA) |
| | ) | |
| GAUTAMA JINDAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Aside from a long list of defendants, the complaint merely states:

> Plaintiff avers that DEFENDANTS are ASSAULTING PLAINTIFF. Fourteenth Amendment violations include: 1) Invidious Disparate treatment. 2) Producing false medical records. 3) Human Rights Violations. Damages include: Lost Productivity and Mental Exhaustion.

Compl. (Dkt. #1) at 1 (emphasis in original). Plaintiff demands an award of $200,000. *Id*. Wholly absent are factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its

1

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plaintiff utterly fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (quoting *Twombly*, 550 U.S. at 556), or that puts any defendant on notice of the claims plaintiff brings against it. Furthermore, the complaint is practically identical to the pleadings plaintiff has filed in prior cases against the same defendants. *See Jenkins v. Providence Fire Dep't*, No. 1:23-cv-2787 (D.D.C. filed Sept. 22, 2023), Dkt. 1; *Jenkins v. BCBS of RI*, No. 1:23-cv-2721 (D.D.C. filed Sept. 18, 2023), Dkt. 1.

Accordingly, the Court will DISMISS the complaint (Dkt. #1) and this civil action without prejudice. In addition, the Court GRANTS plaintiff's application to proceed *in forma pauperis* (Dkt. #2) and DENIES as moot his motions for summary judgment (Dkt. #5) and to issue a subpoena (Dkt. #4). A separate order will issue.

*[signature]*

DABNEY L. FRIEDRICH
United States District Judge

DATE: October 2, 2023